IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS

JIM A. TURNER,

        Plaintiff,

v.                                    Case No.

AUTOZONE PARTS, INC.

        Defendant.

## **COMPLAINT**

COMES NOW the Plaintiff, by and through counsel, Bradley A. Pistotnik and Jay H. Sizemore, of Brad Pistotnik Law, P.A. and for his claims against the Defendant, alleges and states:

1. The Plaintiff is a resident of Kansas.

2. This Court has proper venue and jurisdiction over the persons and subject matter.

3. Defendant, AutoZone, Inc. (AutoZone) is a is a foreign corporation with a principal place of business in Memphis, Tennessee and may be served with process through its registered agent, CT Corporation System, 112 SW 7th Street, Suite 3 C, Topeka, Kansas 66603.

4. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00) exclusive of interest and costs.

5. Justin D. White was the operator of a motor vehicle that was leased to Defendant AutoZone and Justin D. White (driver) was operating in the course and scope of employment for AutoZone at the time and moment of this accident such that for all allegations contained herein, the actions and omissions of driver are the actions and omissions of Defendant, AutoZone, under the

1

doctrines of Respondeat Superior and Vicarious Liability for all allegations set forth in this Complaint.

6. On or about the 22nd day of August, 2017, the Plaintiff was operating his motor vehicle heading Northwest on Zoo Boulevard, at or near the intersection of Hoover, in Wichita, Sedgwick County, Kansas when the driver, Justin White, who was operating a vehicle in the course and scope of employment for AutoZone, negligently and carelessly made a rapid left hand turn without using a turn signal and failed to yield right-of-way to the Plaintiff, thereby proximately causing and accident and injuries and damages to the Plaintiff.

7. Deputy Sheriff, Eric W. Smith opined that the cause of the accident was due to the AutoZone driver being inattentive and wrote that "the driver (Justin T. White, driver) of the Nissan failed to make sure the intersection was clear before making the turn causing a collision."

8. The motor vehicle leased by Defendant AutoZone that was involved in this collision was dispatched, supervised, monitored, operated, and controlled by the fleet management of Defendant AutoZone.

9. The driver was hired, qualified, supervised, and trained by Defendant AutoZone.

10. Upon information and belief, AutoZone has a systemic problem which is a habit, custom and a routine practice and business practice of allowing unsafe and untrained drivers to drive carelessly, recklessly and wantonly by failing to train drivers on accident avoidance techniques and hazard perception techniques and defensive driving techniques by using the systems created by the Smith System or the J.J. Keller and Company systems on defensive driving.

11. The actions and omissions of the driver, Justin D. White, are the actions and omissions of Defendant, AutoZone, under the doctrines of Respondeat Superior and Vicarious Liability and upon information and belief, are negligent, careless, and wanton and include, but are not

2

limited to:

    A.  Failing to yield right-of-way while making a left turn;

    B.  Failing to use turn signals to warn of his impending left turn;

    C.  Speeding in excess of what was reasonable for the then existing conditions of moving traffic coming through an intersection that had the right-of-way;

    D.  Failure to comply with and follow the minimum standards of care and safety set forth in the Kansas Driver's License Manual which is incorporated herein as **Exhibit A;**

    E.  Failure to keep a proper lookout;

    F.  Inattentive operation of a motor vehicle;

    G.  Failure to exercise ordinary and reasonable care;

    H.  Incompetent operation of a motor vehicle;

    I.  Failure to brake;

    J.  Failure to take evasive action;

    K.  Other actions and omissions which will be supplemented upon receipt and completion of discovery;

12. The actions and omissions of Defendant, AutoZone, are negligent, careless, and wanton and include, but are not limited to:

    A.  Failing to adequately warn and/or suspend the driver after this accident;

    B.  Failing to terminate the driver;

    C.  Failing to train the driver with proper defensive driving skills before and after the accident;

    D.  Failing to immediately reprimand the driver;

E.  Failing to retrain the driver shortly after this accident;

F.  Failure to train the driver in the proper hazard communication signals, hazard perception, and other safe operating protocols by failing to utilize training programs like the Smith System, and the systems taught by J.J. Keller & Associates, Inc.;

G.  Failing to have any adequate safety management protocols in place;

H.  Failing to follow appropriate dynamics, elements and protocols of a Fleet Safety Program as taught by the National Safety Council in their literature entitled, *Dynamics of Fleet Safety, The Fleet Excellence Process, Instructor Manual,* a copy of which is incorporated herein and attached as **Exhibit B**;

I.  Failing to properly create and implement a proper safety program that would require the driver to be comprehensively tested in written form to determine that he has a comprehensive understanding of appropriate defensive driving skills;

J.  Failure to test the driver for alcohol and drug consumption after this accident;

K.  Negligent hiring, retention, qualification, supervision, and training of the driver and supervisory managers above the driver;

L.  Defendant and their respective agents, employees and representatives were careless and negligent and wanton for negligent hiring, training, supervision, and retention of the driver and his supervisory personnel.  Defendant negligently and/or wantonly hired unfit employees and agents and then failed to properly train, supervise, and monitor them and additionally retained employees and agents that were not performing their jobs properly or adequately. This includes, but is not limited to, the driver and his supervisory personnel. Defendant, AutoZone has an obligation to use reasonable care in selecting and retaining their employees,

agents, and independent contractors, and was negligent in hiring, selection, training, monitoring and retaining their employees, agents, and independent contractors, including, but not limited to driver. Defendant negligently and wantonly failed to use reasonable care in the hiring, selecting, training, monitoring, and retention of their employees and agents, including, but not limited to driver. Defendant knew or reasonably should have known that they were not hiring safe and competent employees and agents and negligently and wantonly violated their duty to hire only safe and competent employees. Defendant knew or reasonably should have known that their employees and agents, including, but not limited to driver, created and were an undue risk of harm to the Plaintiff, and negligently and wantonly failed to reprimand, retrain, or terminate their employees, agents, and independent contractors, including the driver and his supervisory personnel;

M. Defendant's hiring, training, monitoring, supervision, and retention of unsafe and incompetent employees, agents, and independent contractors including the driver and his supervisory personnel proximately caused the injuries to the Plaintiff;

N. Defendant, upon information and belief, has ratified all conduct of their driver and their other employees who hired, trained and supervised the driver, either expressly or impliedly. Upon information and belief, the driver was not reprimanded, retrained, or terminated following this accident;

O. For violation of motor vehicle statutes in the State of Kansas and violation of municipal ordinances in the City of Wichita;

P.  For other actions and omissions that will be supplemented after the receipt of full and complete discovery in this case.

13. As a further direct and proximate result of the negligence and carelessness of the Defendant as aforesaid, Plaintiff has received injuries to his body, including, but not limited to: neck injuries; spine injuries; chest injuries; rib injuries; head injuries; right shoulder injuries; developed radiculopathy with numbness, pain, paresthesias down his left upper extremity into his hand; developed a right paracentral disc protrusion in the cervical spine at or near C6-C7; underwent a C5-C6 anterior cervical discectomy and fusion with instrumentation; developed a tear of the supraspinatus tendon and a tear of the infraspinatus tendon in the right shoulder which will likely require surgical intervention; underwent pain management treatment and epidurals; underwent physical therapy, has had to have medications to relieve pain and inflammation, may have had aggravation to a pre-existing condition, and was otherwise injured. The Plaintiff has been damaged with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability.  In the future the Plaintiff will suffer with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. For the aforementioned damages, the Plaintiff has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

WHEREFORE, the Plaintiff prays for judgment against Defendant for all damages allowed under Kansas law as actual compensatory damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for interest allowed by law, for punitive damages in an amount excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for costs herein, and for such other and further relief as the Court deems just and equitable.

**BRAD PISTOTNIK LAW, P.A.**

s/ Bradley A. Pistotnik
Bradley A. Pistotnik, #10626
Jay H. Sizemore, #20395
10111 E. 21st Street North, Suite 204
Wichita, Kansas 67206
316-684-4400/Fax: 316-684-4405
Brad@BradPistotnikLaw.com
Jay@BradPistotnikLaw.com

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

COMES NOW the Plaintiff and demands a pretrial conference and a trial by jury in this matter.

## DESIGNATION FOR PLACE OF TRIAL

COMES NOW the Plaintiff and designates Kansas City, Kansas as the place for trial in this matter.

**BRAD PISTOTNIK LAW, P.A.**

s/ Bradley A. Pistotnik
Bradley A. Pistotnik, #10626
Jay H. Sizemore, #20395